WILLIAM J. COUGHLIN ET UX., PLAINTIFFS-RESPONDENTS, v. ENGLEWOOD HEIGHTS ESTATES, INCORPORATED, DEFENDANT-APPELLANT.

Argued May 6, 1930—Decided May 19, 1930.

Before Justices BLACK and CASE.

For the plaintiffs-respondents, *S. Melville Hussey.*

For the defendant-appellant, *O'Brien & Tartalsky.*

PER CURIAM.

This suit was brought to recover $500, the amount of an assessment against the plaintiff for streets and sidewalks by

the city of Englewood, New Jersey. The basis of the suit is an agreement dated September 14th, 1926, for the purchase of lots 1 and 2 in block 199 E, as shown on a map of Englewood Heights. One of the provisions of the agreement is as follows: "The seller agrees that streets and sidewalks will be provided and water, gas, electricity and sewers available at said premises. Said streets and sidewalks to be paid for by seller."

The case was tried by the court without a jury resulting in a judgment for the plaintiffs for $500. The defendant appeals and files six specifications of determinations with respect to which it is dissatisfied in point of law. We need only be concerned with Nos. 5 and 6; admitting testimony, which tended to vary or alter the terms of *Exhibits P*-1 and 2, the agreement and the deed executed in pursuance thereof. This point we think is well made. The objectionable testimony is as follows, viz.: A conversation with Mr. Wehrhan, agent. "*A.* The conversation was, 'Who is going to pay for the assessment of the paving of the streets?' He says, 'Mr. Coughlin, we will take care of that when we draw up the original contract,' &c."

The plaintiff Mrs. Coughlin on direct examination was asked the following question to which objection was made and exception noted: "*Q.* Were you present when your husband discussed with Mr. Wehrhan the question of the assessment for paved streets—the prospective assessment? *A.* I was. *Q.* What did your husband say to Mr. Wehrhan about the assessment for paved streets? Mr. Tartalsky: I object. The contract speaks for itself. The Court: I will permit it. Mr. Tartalsky: Exception (granted). *A.* My husband asked Mr. Wehrhan who was going to pay for the assessment of the paving of the streets and sidewalk, and he said he was. The conversation was between Mr. Wehrhan and Mr. Coughlin in reference to the assessment for the pavement of the streets and sidewalks. Mr. Coughlin said he wouldn't sign the contract unless it was put in the contract that the assessments would be paid for by the seller."

This testimony is objectionable under the well known and much cited case of *Naumberg* v. *Young*, 44 *N. J. L.* 331, and in the recent case of *Wills* v. *Camden Lime Co.*, 104 *Id.* 428. For this error by the trial court appearing in the record, the judgment of the First District Court of Jersey City must be reversed, and the judgment is therefore reversed.